L. A. GARRETT, Adm'r, etc. *v.* W. M. COCKE *et al.*

WRIT OF ERROR. *Pleading and Practice. Married women. Statute of Limitations.* Where a decree has been rendered against husband and wife jointly, and the husband's right to prosecute a writ of error is barred, the wife cannot, by next friend, file a record for writ of error, making her husband a defendant, while covert, for the reason that the suit must be jointly prosecuted.

Cases cited: Winchester *v.* Winchester, 1 Head, 483; Patterson *v.* Butterworth, 4 Yerg., 158; Barrow's Lessee *v.* Nave, 2 Yerg., 227; Parker *v.* Elder, 11 Hum., 546.

·Code cited: Secs. 3180–81–82.

FROM HAWKINS.

Appeal from the Chancery Court.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

A final decree was rendered in this cause in the Chancery Court at Rogersville, on the 4th of May, 1871, in favor of L. A. Garrett, administrator, etc., against J. H. Cariger and his wife, Musadora, for $2,466.96, for which execution was ordered to issue. Musadora Cariger, by her next friend, filed the record in this court for writ of error, and gave bond as required by law, on the 14th of September, 1874. A motion is made by complainant to dismiss the writ of error, because the decree sought to be revised was rendered jointly against J. H. Cariger and his wife

Garrett *v.* Cocke.

Musadora, which decree was rendered more than one year before the record was filed for writ of error, and because the writ of error is prosecuted by the wife, without being joined with her husband, against both of whom there was a joint decree. The limitation in prosecuting writs of error is one year, when the record is filed with the clerk, as in the present case, and two years when application is made to the appellate court, or a judge thereof. But "infants, married women, persons of unsound mind, imprisoned or beyond the limits of the United States, may prosecute writs of error within the time prescribed, after disability removed." Code, secs. 3180–81–82.

It is clear that the remedy of J. H. Cariger, by writ of error, is barred. But as the decree was joint against Cariger and his wife, the writ could only be prosecuted in their joint names. It follows, that more than two years having elapsed, the right to prosecute the writ of error jointly is barred. The Code, however, gives the wife two years after her disability is removed; of course that means two years after she has become discovert. She cannot prosecute the writ until she becomes discovert, for the reason that it is a joint decree, and must be prosecuted jointly with her husband. 4 Yerg., 158; 2 Yerg., 227; 11 Hum., 546.

It follows, that as her husband is still living, she cannot prosecute the writ in her own name or by next friend, and the motion to dismiss must be granted.

Garrett *v.* Cocke.

PETITION FOR RE-HEARING.

In the case of *Winchester* v. *Winchester,* 1 Head, 483, it was decided that a wife might file a bill of review by next friend in a case where her husband was barred by the statute of limitation, making him a defendant, the court saying: "The case of a bill of review is not analagous to that of a suit for the land, where the joint estate is barred, and where neither can sue."

It is suggested that the holding of this court is in conflict with that in *Winchester* v. *Winchester.* In the present case there was a joint judgment against husband and wife. The right of the husband to prosecute a writ of error being barred, the wife, by next friend, filed the record for writ of error, making her husband a defendant. It was held that because the judgment against them was joint, and because the right of the husband to prosecute the writ was barred, the wife could not prosecute it while covert, for the reason that the suit must be jointly prosecuted. This holding was in accordance with the analogy as to suits for land, where the joint estate is barred, and where neither can sue. In such a case, where the joint right of action is barred, no suit can be brought during the coverture, and afterwards, the wife has time given her within which she may sue.

Petition dismissed.